NO. 07-05-0002-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 13, 2005



______________________________



IN RE: R. WAYNE JOHNSON, RELATOR


_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator R. Wayne Johnson, a prisoner in the custody of the Texas Department of
Criminal Justice, seeks a writ of mandamus ordering respondent, the Honorable Robert
Kinkaid, Judge of the 64th District Court of Hale County, to rescind an order dismissing
relator's petition in trial court Cause Number A33742-0411. We deny the petition.

 In his petition for writ of mandamus, relator alleges that respondent wrongfully
entered an order of dismissal of relator's lawsuit; the order is not final for purposes of
appeal; and rescinding of the order is a ministerial duty on behalf of the trial court. Relator
attached a copy of the order of dismissal. No other document or record of proceedings is
attached to or furnished in support of the petition seeking mandamus. 

 A writ of mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion or the violation of a duty imposed by law when there is no other
adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 SW2d 304, 305
(Tex. 1994). It is the relator's burden to show entitlement to the relief being requested, see
generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)
(orig. proceeding), and that relator has no adequate remedy at law. See In re Nolo
Press/Folk Law Inc., 991 S.W.2d 768, 776 (Tex. 1999). In evaluating whether the trial court
abused its discretion in making the challenged ruling, a reviewing court must focus on the
evidence and matters before the trial court at the time it made the challenged ruling. See
In re Bristol-Meyers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998). It is relator's burden
to file with the petition a certified sworn copy of every document that is material to relator's
claim for relief and that was filed in any underlying proceeding, and a properly
authenticated transcript of any relevant testimony from any underlying proceeding including
any exhibits offered in evidence or a statement that no testimony was adduced in
connection with the matter complained of. Tex. R. App. P. 52.7(a). 

 A certified, sworn copy of relator's petition in the trial court is not attached or
furnished, nor is any other document or transcript other than the order of dismissal. 
Without such documents, we cannot determine if, as relator asserts, the order is not a final
order for purposes of appeal, or what evidence or record was before the trial court when
the order was entered. Accordingly, relator has not presented a record which shows
entitlement to the relief sought.

 Moreover, assuming that relator's assertion is correct and the order is not final for
purposes of appeal, see Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001), then
relator has an adequate remedy by appeal when a final order is entered. If, on the other
hand, the order is final for purposes of appeal because it disposed of all issues and parties,
then relator's right of appeal from the dismissal affords (or afforded) an adequate legal
remedy. See Walker v. Packer, 827 S.W.2d 833, 842 (Tex.1992). 

 The petition for writ of mandamus is denied.


 Phil Johnson

 Chief Justice



 case file when he had reviewed it three to four 
days earlier pursuant to the District Attorney's open-file policy. Counsel argued the report
was an exculpatory document that contradicted Tijerina's version of the incident. The
motion for mistrial was denied.

 Counsel raises one arguable point, to-wit: the trial court erred in denying appellant's
motion for mistrial based on the State's failure to disclose impeachment and exculpatory
evidence. Counsel then concedes that under the test for determining whether a Brady
violation occurred, there was no failure to disclose favorable evidence that could have
resulted in a different outcome. See Little v. State, 991 S.W.2d 864, 866 (Tex.Cr.App.
1999). We agree with counsel that the trial court did not abuse its discretion in denying
appellant's motion for mistrial. See Kipp v. State, 876 S.W.2d 330, 339 (Tex.Cr.App.
1994).

 We have independently examined the entire record to determine whether there are
any non-frivolous grounds which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record and 
counsel's brief, we agree with counsel that the appeal is frivolous. See Bledsoe v. State,
178 S.W.3d 824 (Tex.Cr.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding
that the State violates due process when it fails to disclose exculpatory or impeachment 
evidence favorable to a defendant which is material either to guilt or to punishment).